UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL ESCOTO BERMUDEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN,<br>Commissioner of Social Security,<br><br>    Defendant. | NO. CV 12-10589 AGR<br><br><br>MEMORANDUM OPINION AND ORDER |

      Plaintiff Miguel Escoto Bermudez filed this action on December 14, 2012. Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the magistrate judge on January 22 and 25, 2013. (Dkt. Nos. 7, 9.) On November 14, 2013, the parties filed a Joint Stipulation ("JS") that addressed the disputed issues. The court has taken the matter under submission without oral argument.

      Having reviewed the entire file, the court reverses the decision of the Commissioner and remands this matter for proceedings consistent with this opinion.

# I.
## PROCEDURAL BACKGROUND

On October 26, 2010, Bermudez filed applications for disability insurance benefits and supplemental security income alleging an onset date of January 1, 2001.[1] AR 17, 157-67. The applications were denied initially and on reconsideration. AR 17, 71-74. Bermudez requested a hearing before an Administrative Law Judge ("ALJ"). AR 97. On March 13, 2012, the ALJ conducted a hearing at which Bermudez, a medical expert and a vocational expert ("VE") testified.[2] AR 32-70. On June 18, 2012, the ALJ issued a decision denying supplemental security income benefits.[3] AR 11-27. On October 31, 2012, the Appeals Council denied the request for review. AR 1-5. This action followed.

# II.
## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court reviews the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995) (per curiam); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might

---

[1] At the time Bermudez filed the applications, he had a 2007 application for disability insurance benefits pending on appeal. Administrative Record ("AR") 17.

[2] The hearing was combined with the hearing on the 2007 application. AR 17.

[3] In a contemporaneous but separate decision not part of the record, the ALJ denied the 2007 application, finding Bermudez not disabled at any time through his date last insured of December 31, 2005. AR 17. The ALJ explained that the 2010 application for disability insurance benefits was denied for the same reasons because there was no remaining unadjudicated period. AR 17, 27.

accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523.  In determining whether substantial evidence exists to support the Commissioner's decision, the court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257.  When the evidence is susceptible to more than one rational interpretation, the court must defer to the Commissioner's decision. *Moncada*, 60 F.3d at 523.

### III.
### DISCUSSION

#### A.   Disability

A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003).

#### B.   The ALJ's Findings

Following the five-step sequential analysis applicable to disability determinations, *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006),[4] the ALJ found that Bermudez has not engaged in substantial gainful activity since October 26, 2010, the application date.  AR 19.

The ALJ found that Bermudez has the severe impairments of chronic hepatitis, diabetes, obesity, stenosis at multiple levels of the lumbar spine and a history of disc protrusions at L4-S1, and status post right shoulder surgery with residual impingement. AR 19-20.  Since October 26, 2010, he has the residual

---

[4] The five-step sequential analysis examines whether the claimant engaged in substantial gainful activity, whether the claimant's impairment is severe, whether the impairment meets or equals a listed impairment, whether the claimant is able to do his or her past relevant work, and whether the claimant is able to do any other work. *Lounsburry*, 468 F.3d at 1114.

functional capacity to lift and carry to the shoulder 20 pounds occasionally, and overhead up to 10 pounds frequently.  He can sit, stand and walk without significant limitation.  He can occasionally bend, stoop and crawl but can frequently squat and kneel.  Bermudez is precluded from climbing ropes, ladders and scaffolds, and from utilizing dangerous machinery or equipment.  He is precluded from temperature extremes and must avoid excessive exposure to respiratory irritants, such as dust and fumes.  He must wear closed toe shoes.  AR 21.  The ALJ also found that Bermudez is "functionally illiterate in English."  AR 26.  Bermudez is unable to perform past relevant work, but there are jobs that exist in significant numbers in the national economy that he can perform such as product packer, product assembler and product gluer.  AR 26-27.

### C.   Step Five

Bermudez contends the ALJ erred at Step Five because the representative jobs identified are inconsistent with the Dictionary of Occupational Titles ("DOT") and the ALJ failed to explain how he resolved the conflict.

At Step Five, the Commissioner bears the burden of demonstrating there is other work in significant numbers in the national economy the claimant can do.  *Lounsburry*, 468 F.3d at 1114.  If the Commissioner satisfies this burden, the claimant is not disabled and not entitled to disability benefits.  If the Commissioner cannot meet this burden, the claimant is disabled and entitled to disability benefits.  *Id.*  "There are two ways for the Commissioner to meet the burden of showing that there is other work in 'significant numbers' in the national economy that claimant can do:  (1) by the testimony of a vocational expert, or (2) by reference to the Medical-Vocational Guidelines at 20 C.F.R. pt. 404, subpt. P, app. 2."  *Id.*

"[A]n ALJ may [not] rely on a vocational expert's testimony regarding the requirements of a particular job without first inquiring whether the testimony

4

conflicts with the Dictionary of Occupational Titles."[5] *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) (footnote omitted); *see also Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1234 (9th Cir. 2009). Social Security Ruling 00-4p requires the ALJ to "first determine whether a conflict exists" between the DOT and the VE's testimony, and "then determine whether the VE's explanation for the conflict is reasonable and whether a basis exists for relying on the expert rather than the [DOT]."[6] *Massachi*, 486 F.3d at 1153.

In evaluating the VE's explanation for the conflict, "an ALJ may rely on expert testimony which contradicts the DOT, but only insofar as the record contains persuasive evidence to support the deviation." *Johnson*, 60 F.3d at 1435. The ALJ's explanation is satisfactory if the ALJ's factual findings support a deviation from the DOT and "persuasive testimony of available job categories" matches "the specific requirements of a designated occupation with the specific abilities and limitations of the claimant." *Id.* at 1435. Remand may not be necessary if the procedural error is harmless, i.e., when there is no conflict or if the VE had provided sufficient support for her conclusion so as to justify any potential conflicts. *Massachi*, 486 F.3d at 1154 n.19.

Here, the VE testified that his opinion was consistent with the DOT, and the ALJ relied on his testimony. AR 27, 68. In the hypotheticals, the ALJ asked the VE to assume a hypothetical individual of Bermudez's "age, education and background with the limitations as stated by the medical expert in this testimony." AR 66-67. The ALJ did not specifically state to the VE that Bermudez was functionally illiterate in English, although the VE was present at the hearing at

---

[5] The DOT raises a rebuttable presumption as to job classification. *Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995).

[6] Social Security rulings do not have the force of law. Nevertheless, they "constitute Social Security Administration interpretations of the statute it administers and of its own regulations," and are given deference "unless they are plainly erroneous or inconsistent with the Act or regulations." *Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989).

5

which Bermudez used an interpreter, testified that he has a sixth grade education (completed in Mexico), can speak "[a] little, not much" English, and cannot read or write in English. AR 34, 36-38. The VE testified that the hypothetical individual could not perform Bermudez's past work, but there are other occupations that exist in significant numbers in the national economy that could be performed, such as product packer, product assembler, and product gluer. AR 66-68.

Bermudez argues that the ALJ erred by not explaining how a person who is functionally illiterate in English can perform the identified occupations, which require Language Level 1. *See Pinto v. Massanari*, 249 F.3d 840, 846-47 (9th Cir. 2001) (ALJ must explain deviation when relying on a job description in the DOT that does not comport with the claimant's limitations). The Commissioner argues that the VE took Bermudez's language ability into account and any error was harmless. The Commissioner argues that Bermudez performed a Language Level 1 job for over a decade, which belies his argument that he is unable to perform such work. Language Level 1 is the lowest level contemplated by the DOT, and it would be "illogical and in direct contradiction to Social Security regulations" to render Bermudez unable to perform any job due to illiteracy in English. *Meza v. Astrue*, 2011 WL 11499, *21 (N.D. Cal. Jan. 4, 2011).

The parties agree that the product packer, product assembler, and product gluer jobs are defined by the DOT as having Language Level 1. Language Level 1 involves "recogniz[ing] [the] meaning of 2,500 (two- or three-syllable) words," "[r]ead[ing] at [a] rate of 95-120 words per minute," "[c]ompar[ing] similarities and differences between words and between series of numbers," "[p]rint[ing] simple sentences containing subject, verb, and object, and series of numbers, names, and addresses," and "[s]peak[ing] simple sentences, using normal word order, and present and past tenses." DOT Nos. 920.687-166, 692.686-034 and 795.687-014.

In *Pinto*, the court noted that the DOT "does not specify that the applicant must be able to perform these functions in English. While we find that to be the most persuasive reading, we do not reach that issue today because Pinto does not meet these competencies in Spanish either." 249 F.3d at 844 n.2. The VE testified that the claimant could perform her past relevant work as a hand packager, which required Language Level 1. *Id.* at 844-45. The Ninth Circuit found that the ALJ erred in failing to explain how the claimant's illiteracy limitation related to his finding that the claimant could perform her past relevant work. *Id.* at 847. In sum:

> A claimant is not per se disabled if he or she is illiterate. We merely hold that in order for an ALJ to rely on a job description in the [DOT} that fails to comport with a claimant's noted limitations, the ALJ must definitively explain this deviation. Neither the ALJ nor the vocational expert addressed the impact of [the claimant's] illiteracy on her ability to . . . perform a similar job.

*Id.* (citation omitted).

In this case, the VE failed to explain how functional illiteracy in English would affect, if at all, Bermudez's ability to perform the product packer, product assembler, and product gluer jobs, and failed to address the deviation from the Language Level 1 requirements. The Commissioner's argument that Bermudez performed a Language Level 1 job in the past does not alone suffice to support a deviation from the DOT. *See Clark v. Astrue*, 2011 WL 1544204, *7 (C.D. Cal. Apr. 25, 2011) (unexplained conflict with DOT requires remand). As in *Pinto*, remand for additional proceedings is required. *See* 249 F.3d at 843; *see also Wells v. Colvin,* 2013 WL 6225180, *4-5 (N.D. Cal. Nov. 23, 2013) (remanding for further proceedings when ALJ failed to explain finding that claimant could perform job with Language Level 1 requirement when claimant was illiterate in English); *Kong v. Astrue,* 2011 WL 674048, *12-13 (E.D. Cal. Feb. 16, 2011) (same); *Her*

*v. Astrue,* 2010 WL 3238841, *6 (E.D. Cal. Aug. 12, 2010) (same); *Diaz v. Astrue,* 2009 WL 176316, *4 (C.D. Cal. Jan. 26, 2009) (same); *Mora v. Astrue*, 2008 WL 5076450, *3-4 (C.D. Cal. Dec. 1, 2008) (same).

On remand, the ALJ shall include the finding of functional illiteracy in English in the hypothetical to the VE and obtain an explanation for the deviation from the DOT regarding the language requirement.

## IV.

## ORDER

IT IS HEREBY ORDERED that the decision of the Commissioner is reversed and the matter remanded at Step Five for further proceedings consistent with this opinion.

IT IS FURTHER ORDERED that the Clerk serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: February 11, 2014

_____
ALICIA G. ROSENBERG
United States Magistrate Judge